[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant John Henderson appeals from his conviction and sentence, following a guilty plea, to Corruption of a Minor. Henderson contends that the trial court erred by imposing a sentence of incarceration when the plea bargain included the State's recommendation that a community control sanction be imposed. Henderson also argues that the trial court failed to render specific findings of fact to support the sentence.
We conclude that Henderson understood, when he tendered his guilty plea, that the trial court was not required to follow the recommendation of the State. We also conclude that the judgment entry imposing sentence includes the requisite findings of fact under R.C. 2929.11, and more detailed findings of fact are not required. Accordingly, the judgment of the trial court isAffirmed.
 I
Henderson was arrested and charged with having engaged in vaginal intercourse with a female then aged 14, constituting Corruption of a Minor. He entered into a plea bargain with the State, which agreed to recommend the imposition of of a split sentence, six months in jail followed by community control sanctions, in exchange for a guilty plea. Pursuant to the plea agreement, Henderson pled guilty. The trial court, following a hearing, accepted his plea, and imposed a sentence of 17 months incarceration. From his conviction and sentence, Henderson appeals.
 II
Henderson's First Assignment of Error is as follows:
 THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY ACCEPTING DEFENDANT'S PLEA, WHICH WAS BASED ON AN UNDERLYING AGREEMENT, AND IMPOSING A DIFFERENT SENTENCE.
Although it is true, as Henderson claims, that the plea bargain included an agreement by the State to recommend the imposition of a community control sanction, with a split sentence of incarceration in the Greene County Jail for up to six months, it is clear from the record that Henderson was informed, and understood, that the trial court was not obliged to follow that recommendation. Furthermore, it is clear from the record that the State honored its agreement, and did recommend the split sentence. However, the trial court, having informed Henderson that it was not obliged to follow the recommendation of the State, chose to impose a sentence of 17 months. Just over three months following the imposition of sentence, the trial court approved judicial release, subject to community control supervision. Thus, Henderson has in fact done better than he might have expected, having bargained for the State's recommendation of a six-month split sentence, but actually having served just over three months of incarceration before being admitted to community control sanctions.
In any event, it is clear that the State kept its agreement, and that Henderson understood that the trial court was not bound by that agreement. Accordingly, Henderson's First Assignment of Error is overruled.
 III
Henderson's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT STATED DEFENDANT WAS NOT AMENABLE TO COMMUNITY CONTROL, PRISON WAS CONSISTENT WITH THE PURPOSES OF 2929.11, COMMUNITY CONTROL WAS INCONSISTENT WITH THE PURPOSES AND PRINCIPLES OF SENTENCING, THE SHORTEST PRISON TERM WOULD DEMEAN THE SERIOUSNESS OF THE CONDUCT, AND THERE WAS A GREAT LIKELIHOOD OF RECIDIVISM.
In his argument in support of this assignment of error, Henderson contends that the trial court failed to make detailed findings of fact. We agree with the State, however, that the trial court was not required to make any findings of fact beyond the findings specifically required by the statute. In its sentencing entry, the trial court found that Henderson had committed a sex offense, that he was not amenable to community control, that prison was consistent with the purposes of R.C.2929.11, that a community control sanction was inconsistent with the purposes and principles of sentencing in R.C. 2929.11, that the shortest prison term would demean the seriousness of the defendant's conduct, and that the defendant poses the greatest likelihood of recidivism. These findings comply with the trial court's statutory obligation. State v. Phillips (June 18, 1997), Hamilton App. No. C-960898, unreported.
The trial court ordered a pre-sentence investigation, but that report has not been made part of our record. Accordingly, we are in no position to second-guess the decision of the trial court to impose the 17-month sentence. Furthermore, as the State notes, this issue may well be moot in view of the fact that Henderson was, just over three months later, admitted to community control sanctions by virtue of a judicial release.
Henderson's Second Assignment of Error is overruled.
 IV
Both of Henderson's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, PJ and BROGAN, J., concur.
Copies mailed to:
William F. Schenck
Robert K. Hendrix
C. Douglas Mort
Hon. Thomas Rose